# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1463 | **DATE** | 3/12/2012 |
| **CASE TITLE** | Willis v. United States Department of Health and Human Services | | |

**DOCKET ENTRY TEXT:**

Petitioner Walter Willis's petition to proceed *in forma pauperis* [4] is denied. His motion [5] for appointment of counsel is denied.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

     Frequent litigator Walter Willis ("Willis") seeks leave to file *in forma pauperis* his complaint against defendant United States Department of Health and Human Services ("HHS"). For his complaint, Willis filled out and filed the court's form complaint for violation of constitutional rights. Although Willis's allegations are not entirely clear, he alleges that Lawrence Stunkel (who is not a defendant but seems to have been an attorney at Hines VA Hospital) violated Willis's privacy rights by releasing medical records. Willis seeks to hold HHS liable because it "knew what Stunkel had done and did nothing about it."

     Under 28 U.S.C. § 1915, when determining whether a petitioner may proceed *in forma pauperis*, the Court engages in a two-step analysis. First, the Court examines whether the petitioner has sufficiently demonstrated that he is impoverished within the meaning of the statute. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). Second, the Court considers whether the complaint is frivolous. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Nietzke*, 490 U.S. at 324.

     The Court denies Willis's petition to proceed *in forma pauperis*, because he failed to answer all of the questions on the *in forma pauperis* application. Specifically, Willis failed to answer question 2.b., which concerns his most recent employment. The Court will not grant leave to proceed *in forma pauperis* without a complete application. Because the Court is denying leave to proceed *in forma pauperis*, the Court also denies Willis's motion for appointment of counsel.

     The Court also notes that if it had granted Willis leave to proceed without paying the filing fee, it would have had to dismiss the case immediately. Pursuant to 28 U.S.C. § 1915, the Court must dismiss any case if it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court interprets Willis's complaint to be a *Bivens* claim against HHS. The problem, though, is that one cannot

| STATEMENT |
|---|
| bring a *Bivens* suit against a federal agency. *Federal Dep't Ins. Corp. v. Meyer*, 510 U.S. 471 (1994). The Court cannot decipher any other claim against HHS<br><br>      The Court also notes that it is aware that Willis has filed other complaints related to the alleged conduct of Lawrence Stunkel ("Stunkel"). On the day he filed this complaint, Willis filed two other complaints (case 12 C 1450 before Judge Pallmeyer and case 12 C 1452 before Judge Norgle) arising out of Stunkel's conduct. This Court agrees with Judge Pallmeyer's admonition that Willis may file only one lawsuit arising out of any transaction or occurrence. |