# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1463 | **DATE** | 4/2/2012 |
| **CASE TITLE** | Willis v. United States Department of Health and Human Services | | |

**DOCKET ENTRY TEXT:**

Petitioner Walter Willis's petition [7] to proceed *in forma pauperis* is denied.

■ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

    The Court previously denied Walter Willis ("Willis") leave to file *in forma pauperis* his complaint against defendant United States Department of Health and Human Services ("HHS"). The reason the Court denied the petition was because Willis failed to answer all of the questions on the petition. Willis has filed a new petition and an amended complaint.

    Under 28 U.S.C. § 1915, when determining whether a petitioner may proceed *in forma pauperis*, the Court engages in a two-step analysis. First, the Court examines whether the petitioner has sufficiently demonstrated that he is impoverished within the meaning of the statute. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). Second, the Court considers whether the complaint is frivolous. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Nietzke*, 490 U.S. at 324.

    Here, Willis has sufficiently demonstrated that he is impoverished within the meaning of the statute. According to his affidavit, Willis has not been employed since he worked at Hines VA Hospital in September 2009. He collects $1130 per month in Social Security disability benefits. He owns a car worth $1500. Willis has no other assets or income.

    Next, the Court considers whether the complaint is frivolous. The reason the Court is required to screen *in forma pauperis* complaints for frivolousness is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitze v. Williams*, 490 U.S. 319, 327 (1989). A claim is frivolous where the factual allegations or legal conclusions lack an arguable basis in law or fact. In Willis's amended complaint, he includes even fewer details than in his original complaint. He again filled out the court's form complaint for violation of constitutional rights. In his original complaint, Willis alleged that Lawrence Stunkel (who is not

| STATEMENT |
|---|

a defendant but seems to have been an attorney at Hines VA Hospital) violated Willis's privacy rights by releasing medical records. Willis sought to hold HHS liable because it "knew what Stunkel had done and did nothing about it." This time, Willis alleges that he complained to HHS about something (presumably his issue with Stunkel), but HHS did nothing. This claim is legally frivolous, because, as the Court noted when it denied Willis's first petition, one cannot bring a *Bivens* suit (to right a constitutional violation) against a federal agency. *Federal Dep't Ins. Corp. v. Meyer*, 510 U.S. 471 (1994). The Court cannot decipher any other claim against HHS.

Accordingly, the Court denies Willis's petition to proceed *in forma pauperis*. The Court notes that in case number 12-cv-1450, Judge Pallmeyer has appointed an attorney to represent Willis. His claims in this case seem to arise out the same transaction or occurrence as the claims in 12-cv-1450. If that is the case, all of Willis's claims should be combined in that case.